Keith L. Altman, SBN 257309
Solomon Radner (*pro hac vice* to be applied for)
Ari Kresch (*pro hac vice* to be applied for)
EXCOLO LAW, PLLC
26700 Lahser Road
Suite 401
Southfield, MI 48033
516-456-5885
kaltman@excololaw.com

*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BAKERSFIELD DIVISION**

| | |
|---|---|
| **CLYDE GOLDEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**<br><br>  **PLAINTIFF,**<br><br> **v.**<br><br>**HOME DEPOT U.S.A., INC.,**<br><br>  **DEFENDANT.** | **VERIFIED CLASS ACTION COMPLAINT FOR:**<br><br>1. Declaratory Relief Under 28 U.S.C. § 2201<br>2. Breach of Good Faith and Fair Dealing<br>3. Violation of the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750)<br>4. Violation of California Unfair Competition Laws (Cal. Bus. & Prof. Code § 17200 *et seq.*) – Unfair Prong<br>5. Violation of California Unfair Competition Laws (Cal. Bus. & Prof. Code § 17200 *et seq.*) – Unlawful Prong<br>6. Violation of California Unfair Competition Laws (Cal. Bus. & Prof. Code § 17200 *et seq.*) – Fraudulent Prong<br>7. Violation of California False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*)<br>8. Negligent Misrepresentation<br>9. Unjust Enrichment<br>10. Breach of Express Warranty<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT
## FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES

**COMES NOW** Plaintiff, by and through their attorney, EXCOLO LAW, PLLC, and complain and allege on personal knowledge as to Plaintiff's own acts and on information and belief as to all other allegations against HOME DEPOT U.S.A., INC. ("HOME DEPOT") as follows:

## INTRODUCTION

1.  This consumer class action arises from the deceptive practices, methods, solicitations, advertisements, and representations contrived by Home Depot, whereby Home Depot engaged consumers, Plaintiff and Class herein, to purchase wood products marketed and represented to be mahogany. Despite representations to the contrary, consumers were induced into purchasing products that were not, in fact, authentic mahogany, but rather, other species of wood, such as Eucalyptus, which is not mahogany at all. Home Depot deceptively misrepresented the kind and quality of the wood they sold, and failed to disclose, as they were inducing Plaintiffs' purchase, that the wood was not in fact mahogany, but other, less desirable species, such as wood commonly known as Swamp mahogany, Red mahogany, or Santos mahogany, none of which hold the substantial prestige, value, beauty, workability, or quality of authentic mahogany.

2.  Plaintiff states that due to Home Depot's widespread and intentionally deceptive practices, methods, solicitations, advertisements, and representations, Plaintiff was wrongfully and unfairly induced by Home Depot into purchasing products which he believed to be mahogany.

3.  Plaintiff states that he justifiably and reasonably relied on the deceptive and fraudulent practices and misrepresentations of Home Depot in their advertisements, solicitations, and representations, both in Home Depot's brick and mortar retail stores as well as online at Homedepot.com.

4.  Accordingly, Plaintiff and the Class have been extensively damaged, as stated in this Complaint.

## DESCRIPTION OF THE PLAINTIFF CLASS

5. This class action is brought by Plaintiff Clyde Golden, individually and on behalf of a Class of similarly situated individuals who are residents and/or citizens of California and since 2011, purchased wood marketed, advertised, labeled as, or represented to be mahogany from Home Depot, either inside one of their more than 200 brick and mortar retail locations in California or their online stores at Homedepot.com via the Internet.

6. Through its marketing, labeling, advertisements, or representations, Home Depot deprived individuals of, or will deprive individuals of, the substantial prestige, value, beauty, workability, and quality of authentic mahogany through one or more of the following methods:

   a. Advertised, solicited, and represented promises both in their stores and online as to the quality of the wood sold, including, but not limited to, "premium," "finest grade" mahogany, with no intent to disclose that the wood was not, in fact, mahogany; and

   b. Made false or misleading representations of facts or statements of fact material to Plaintiff's purchase of wood, including, but not limited to, the promises that the products they were purchasing were made from authentic, high-quality mahogany, such that the customer reasonably believed the represented product to be other than it actually is; and

   c. Failed to disclose or concealed its practice of deceiving customers and inducing them to believe the products they were purchasing were genuine mahogany; and

   d. Sold customers the undisclosed or less desirable Swamp mahogany, Red mahogany, or Santos mahogany, rather than authentic or genuine mahogany.

## PARTIES

7. Plaintiff CLYDE GOLDEN purchased wood labeled as mahogany from The Home Depot at their Ming Avenue, Bakersfield location on July 26, 2017. Plaintiff resides in the city of Bakersfield, California. Plaintiff is a citizen of California.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

8.   As used herein, Plaintiff and the class will be collectively referred to as "Plaintiffs."

9.   Home Depot U.S.A., Inc., ("Home Depot") is a Delaware corporation with its principal place of business located in Atlanta, Georgia.  Home Depot is authorized to conduct business in California and may be served by its registered agent, CSC-Lawyers Incorporating Service at 2710 Gateway Oaks Center Drive Suite 150N, Sacramento, CA 95833.   Home Depot is a wholly owned subsidiary of The Home Depot, Inc.

10.   Home Depot is a citizen of Georgia and Delaware.

11.   Home Depot is registered to do business throughout the United States, including in California, where Plaintiff and Class are residents and/or citizens.

12.   Home Depot is authorized to do business in California and derives substantial income from doing business in this state. According to The Home Depot's 10-K for 2016 filed with the SEC, Home Depot operates 232 stores within California

13.   Upon information and belief, Home Depot did advertise, market, and sell lumber products to consumers in the State of California.

14.   This court has personal jurisdiction over Home Depot named herein because said Home Depot has sufficient minimum contacts with the forum state upon which to predicate personal jurisdiction.

15.   At all times herein mentioned, Home Depot advertised, promoted, supplied, and sold certain lumber products to consumers and the general public labeled and represented to be authentic mahogany.

16.   As used herein, "purchasing Plaintiff" shall mean and refer to the Plaintiff identified herein as someone who purchased mahogany lumber products from Home Depot.

**JURISDICTION AND VENUE**

17. At all times relevant to this action, Home Depot was engaged in substantial business activities in California, including, but not limited to, advertising, marketing, contracting, and selling products labeled as mahogany to thousands of consumers in California.

18. At all times relevant to this action, Home Depot engaged, either directly or indirectly, in the business of marketing, promoting, distributing, and selling products labeled as mahogany within California with a reasonable expectation that the products would be used and relied upon in this state, and thus regularly solicited or transacted business in this state.

19. Plaintiff and all members of the class are residents of the State of California, are expected to number in the thousands, the amount in controversy is more than $5,000,000 exclusive of interests and costs, and Plaintiff is a citizen of a different state than Defendant.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and because Plaintiff is a resident of this judicial district, Defendant does business within this judicial district, and a substantial part of the events and omissions giving rise to the claims alleged occurred herein.

## COMMON FACTUAL ALLEGATIONS

21. Defendant Home Depot is the "world's largest home improvement retailer," operating more than 2,200 stores throughout the United States, Canada, and Mexico.[1]

22. In addition to their brick and mortar retail stores, Home Depot also conducts business through their website, HomeDepot.Com, offering more than one million products for the "Do-it-yourself" customer.[2]

---

[1] https://corporate.homedepot.com/about
[2] *Id.*

23.   Home Depot advertises and markets the premise that the "Do-it-yourself" consumer can walk into a Home Depot "superstore" and trust members of the "highly trained staff" to "walk customers at every skill level through most any home repair or home improvement."[3]

24.   The success of The Home Depot is built upon this advertised trust, where consumers have come to expect the prestige of Home Depot's symbolic "orange apron" to represent an "expertly trained" staff that can be relied upon for knowledge and advice in any home improvement venture, such as teaching customers "how to handle a power tool, change a fill valve or lay tile."[4]



*Figure 1 Home Depot Founders in their signature orange aprons*

25.   In fact, Home Depot founders Bernie Marcus and Arthur Blank even implemented a customer "bill of rights," which states Home Depot's "commitment" to a business where "customers should always expect the best assortment, quantity, and price, as well as the help of a trained sales associate, when they visit a Home Depot store."[5]

---

[3] https://corporate.homedepot.com/about/history
[4] *Id.*
[5] *Id.*



*Figure 2 The first Home Depot in Atlanta, Georgia*

26.   A large part of Home Depot's nearly $90,000,000,000 in annual revenue is derived from the sale of lumber and wood products.

27.   The Home Depot has business ventures in the State of California which include the sale of multiple dimensions, colors, and forms of lumber represented to be mahogany.

28.   These representations are made through Defendant's in-store labels, tags, and signage, as well as through representations made by their orange-aproned "expertly trained" sales staff, where employees frequently represent the mahogany products to be genuine and authentic mahogany.

29.   The Home Depot also sells lumber represented to be mahogany in their online store via Homedepot.com. Below is a screenshot example:



*Figure 3 Screenshot of Homedepot.com selling "Mahogany Board"*

30. Mahogany is a commercially important lumber prized for its beauty, durability, color, and the ease of which woodworkers are able to utilize its features.

31. Mahogany's desirable reddish-brown color, which darkens over time and displays a reddish sheen when polished, is used throughout the world for decorative home paneling, as well construction of furniture, boats, and musical instruments.

32. Genuine Mahogany ranks among the finest cabinetry in the world, as its working characteristics are outstanding for all woodworking processes, including cutting, shaping, tuning, and sanding.[6]



*Figure 4 Authentic mahogany desk (Swietenia Mahogoni)[7]*

33. Authentic mahogany and the only hardwoods that can be truly be called mahogany are from the Meliaceae family.

34. Authentic, genuine mahogany from the Meliaceae family includes *Swietenia mahogoni*, commonly known as Dominican, Cuban, West Indian, or small-leaf mahogany, *Swietenia macrophylla*, commonly known as Honduran or large-leaf mahogany, and *Swietenia humilis*, commonly known as Pacific Coast mahogany.

---

[6] http://www.woodworkerssource.com/blog/wood-conversations/mahogany/
[7] http://www.artsintheheights.com/vejdi-avsar-gallery.html

35.   The wood Home Depot advertises, markets, and sells as mahogany, both online and in store, is not, in fact, mahogany. It is actually Eucalyptus, from the Myrtaceae family.

36.   One species of Eucalyptus that Home Depot represents to be mahogany is *Eucalyptus rubusta*, commonly known as Swamp mahogany.

37.   Compared to authentic mahogany, Swamp mahogany is denser and more difficult to work with.



*Figure 5 Swamp Mahogany (Eucalyptus robusta)*

38.   Another species of Eucalyptus that Home Depot represents to be mahogany is *Eucalyptus resinifera*, commonly known as Red mahogany.



*Figure 6 Red mahogany (Eucalyptus resinifera)*

39.   Neither of these woods is authentic mahogany, as they are actually Eucalyptus.

40.   Additionally, Home Depot sells and markets "Santos mahogany," or *Myroxylon balsamum*, from the Fabaceae family.  Like the other mahoganies Home Depot sells to consumers, this is not actually mahogany.



*Figure 7 Screenshot of Homedepot.com selling Santos Mahogany product*

41.   Santos mahogany has frequently been labeled as a sales gimmick, promoting the mahogany name with a lower grade substitute. Santos mahogany is much heavier and more difficult to work, "a far from the ideal that one would expect of a wood bearing the name 'mahogany.'"[8]

42.   With some of their wood products sold online, Home Depot displays the species of the wood they are selling.

43.   However, with their mahogany products, Home Depot deceptively fails to disclose the species of the wood.

44.   Below is a screenshot from Homedepot.com. If a consumer wishes to purchase a mahogany product from Home Depot's online store, they are induced to believe the product is of the "finest grade," "premium" mahogany.[9]

---

[8] http://www.wood-database.com/wood-articles/mahogany-mixups-the-lowdown/
[9] http://www.homedepot.com/p/Builder-s-Choice-1-in-x-6-in-x-8-ft-S4S-Mahogany-Board-MH1601068X/206201557



*Figure 8 Screenshot of "Mahogany Board" "Product Overview" from Homedepot.com*

45.   Throughout Homedepot.com's mahogany product's "Product Overview" and "Specifications" sections, they fail to disclose which species of wood the mahogany product is.  Knowing the species of wood is extremely important in determining a host of information relating to the quality of the product, such as its workability, durability, and resistance to rot.



*Figure 9 Screenshot of "Mahogany Board" "Specifications" section on Homedepot.com*

46.   This practice of omission of the species of mahogany being sold is common to all mahogany products on Homedepot.com.

47.  Because Home Depot deceptively chooses to omit the species of the mahogany products they sell from both the "Product Overview" and "Specifications" sections of their website, the average consumer is lead to believe they are buying a premium, authentic mahogany product, when in fact, the consumer is purchasing a much less desirable product, such as Swamp mahogany.

48.  Additionally, consumers frequently post questions inquiring about the species of mahogany on Homedepot.com via Homedepot.com's "Questions & Answers" tab, located directly below each mahogany product Homedepot.com sells. When asked, Home Depot refuses to provide answers as to the species of their mahogany products.



*Figure 10 Screenshot "Mahogany Board" "Questions and Answers" section on Homedepot.com*



*Figure 11 "Mahogany Board" "Questions and Answers" section on Homedepot.com*



*Figure 12 "Mahogany Board" "Questions and Answers" section on Homedepot.com*

49. By following a practice where Homedepot.com represents the product they are selling to be of the "finest grade," "premium" mahogany, while simultaneously failing to disclose the species of the wood they are selling, as well as refusing to answer direct questions about the species of the product, they deceive consumers into believing they are purchasing genuine mahogany.

50. Although the above examples are from Home Depot's website, the very same representations are made within fixed stores such as the store in Bakersfield where Plaintiff purchased his "mahogany."

51. This failure to disclose the species leads consumers to believe they are purchasing a product which is substantially more valuable and desirable than the product they ultimately receive.

52. Labeling and representing these products to consumers as mahogany is extremely misleading, as consumers are unknowingly induced into purchasing less desirable, lesser known species of wood, expecting the quality and prestige of true mahogany.

53. Home Depot's labels, advertisements, and representations are false, misleading, and reasonably likely to deceive the public.

54. Accordingly, by failing to specify the species of the product featured on their in-store tags, signage, and product labeling, and failing to disclose that the actual species of the wood being purchasing is not, in fact, genuine mahogany, as well as following the same practice in their online store at Homedepot.com, Defendant misrepresents to consumers that the lumber products they are purchasing have the same prestige, value, beauty, workability, or quality of authentic mahogany.

55. As a result of Home Depot's conduct, consumers, including Plaintiff and the Class, have purchased products from Home Depot that were not of the same kind or quality as represented.

**FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF**

56. On July 26, 2017, Plaintiff Clyde Golden purchased multiple 1-inch by 2-inch Mahogany strips from Home Depot at their Ming Road location in Bakersfield, California. Below is a copy of the receipt:



*Figure 13:* Receipt for Plaintiff's Purchase

57.   At the time he purchased the packages, employees of Home Depot told Mr. Golden that the lumber products he was purchasing were authentic, genuine mahogany.

58.   Unknown to Plaintiff, the products he purchased were actually a species of Eucalyptus that Home Depot represents to be mahogany, *Eucalyptus rubusta*, commonly known as Swamp mahogany.

59.   Later, Plaintiff learned that the product he purchased was not, in fact, genuine mahogany, but actually Swamp mahogany.

60.   The value of receiving Swamp mahogany is substantially less than receiving genuine, authentic mahogany.

61.   Home Depot marketed, advertised, solicited, and sold Swamp mahogany in a manner that was inconsistent with the manner a reasonable consumer would believe a trusted business would conduct themselves.

62.   As a result of Home Depot's deceptive and unfair practices regarding the marketing, advertising, and soliciting of products represented to be mahogany, Plaintiff did not receive the quality, prestige, or value of the product he purchased.

63.   Golden's dealings with Home Depot in connection with the purchase of products represented to be mahogany is typical of other customers of Home Depot.

64.   Plaintiff and all other members of the Class overpaid for Home Depot's mahogany products because the product did not provide the benefits promised because Home Depot provided consumers with lesser grade, less desirable products, despite Home Depot representing that consumers were purchasing "premium" mahogany of the "finest grade."

65.   Home Depot's representations as to the "premium" quality of the mahogany products they sold were a material factor to that influenced Plaintiff and other members of the Class' decision to purchase the products represented to be mahogany from Home Depot.

66. Plaintiff and other members of the Class would not have purchased the products represented to be mahogany from Home Depot, or would have paid materially less for them, had they known that Home Depot's representations of these products were false and misleading.

67. Plaintiff has continued to do business with Home Depot and would purchase wood products in the future if the wood is correctly labeled and priced according to its true nature.

68. Home Depot has profited significantly from its false marketing and sale of products represented to be Mahogany.

## CLASS ACTION ALLEGATIONS

69. Plaintiffs bring this action on their own behalf and on behalf of a proposed Class of all other persons similarly situated pursuant to F.R.C.P. 23(b)(2) and 23(b)(3). This action is brought by the named Plaintiff on behalf of all individuals who have been taken advantage of by Home Depot's deceptive practices through their advertisements and representations, specifically, individuals who:

> Are California Residents and beginning in 2013, purchased products from Home Depot represented by Home Depot to be genuine mahogany and instead received false mahogany.

70. Excluded from the Class is Home Depot; any entity in which it has a controlling interest; any of its parents, subsidiaries, affiliates, officers, directors, employees and members of their immediate families; members of the federal judiciary, and counsel for the parties.

71. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with Plaintiff's motion for class certification, or at any other time, based on, *inter alia*, changing circumstance and/or new facts obtained during discovery.

72. *Numerosity:* This class is estimated to be composed of thousands of individuals and is therefore so numerous that joinder of all members is impracticable. The disposition of their claims through this class action will benefit all Class Members, the parties, and the courts and is the most practical method for Plaintiff to challenge the policies, procedures, and practices of Home Depot.

73. *Existence and Predominance of Common Questions of Fact and Law*: There are questions of law or fact common to the members of the class such that common questions predominate over questions affecting only individual members.  Individual questions do not predominate over common questions because (a) each member of the Class was provided with the same or a substantially similar product represented to be mahogany; (b) each member of the Class who purchased a product represented to be mahogany through Home Depot was provided with a less desirable product made from a wood that was not genuine mahogany; and (c) each member of the Class purchased a product represented to be genuine mahogany from Home Depot which was less valuable than genuine mahogany because Home Depot knew and did not disclose that it would not provide consumers with authentic, genuine mahogany products.

74. Furthermore, to assess each individual claim only the amount of each purchase needs to be assessed. Thus, computation of damages for the Class can be readily conducted.

75. There is a well-defined community of interest in questions of law and fact affecting the Class. These questions of law and fact predominate over individual Class Members, including, but not limited to, the following:

   a. Whether, during the Class Period, Home Depot represented products to be of the "finest grade" mahogany, and instead, provided consumers with less desirable products, such as Swamp mahogany;

b. Whether Home Depot use of false and deceptive productive labeling constitutes false advertising under California law;

c. Whether Home Depot engaged in unfair, unlawful, and/or fraudulent business practices under California law;

d. Whether Home Depot misrepresented and/or failed to disclose material facts about its products;

e. Whether Home Depot has made false and misleading statements of fact concerning the quality and nature of the products represented to be mahogany manufactured and/or sold by Home Depot;

f. Whether Home Depot's conduct, as alleged herein, was intentional and knowing;

g. Whether Class Members have been harmed by Home Depot's conduct alleged herein;

h. Whether Class Members are entitled to damages and/or restitution; and, if so, what is the amount of revenues and/or profits Home Depot received and/or was lost by Class Members as a result of the conduct alleged herein;

i. Whether Home Depot was unjustly enriched by their deceptive practices;

j. Whether Home Depot is likely to continue to use false, misleading, or illegal product labeling such that an injunction is necessary; and

k. Whether Plaintiffs and Class Members are entitled to an award of reasonable attorney's fees, pre-judgment interest and costs of suit.

76. *Typicality*: The claims of the Class Representative are typical of, and not antagonistic to, the claims, violations of law, and resulting harms suffered by all Class members. Plaintiff and the Class have all been deceived (or were likely to be deceived) by Home Depot's representations of the products manufactured or sold by Home Depot.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

77.   *Adequacy*: The Plaintiff Class Representative will fairly and adequately assert and protect the interests of the Class. Plaintiff's counsel knows of no conflicts of interest between the Class Representative and absent Class members with respect to the matters at issue in this litigation, the Class representatives will vigorously prosecute the suit on behalf of the Class, and the Class representatives are represented by experienced counsel.  Plaintiffs are represented by attorneys with substantial experience and expertise in complex and class action litigation involving the prosecution of consumer fraud and violations of consumer protection statutes.   Plaintiff's attorneys have identified and investigated the claims in this action and have committed sufficient resources to represent the Class.

78.   *Superiority*: The maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice. Because of the modest size of individual Class Members' claims, few, if any, Class Members could afford to seek legal redress of the wrongs complained herein on an individual basis.  The prosecution of separate actions by individual members of the Class could result in inconsistent or varying adjudications with respect to individual members of the Class. Absent class action, Class Members and the general public would likely not recover, or would not likely have the chance to recover, damages or restitution, and Home Depot will be permitted to retain the proceeds of its misdeeds.

79.   All Class Members, including Plaintiff, were exposed to one  or more of Home Depot's misrepresentations or omissions of material fact, including Home Depot's claims that the products represented to be mahogany sold were in fact mahogany.  Due to the scope and extent of Defendant's consistent false advertising scheme, disseminated in a massive,  years-long campaign to consumers via the Internet, radio, TV, and print media, it can reasonably be inferred

that such misrepresentations or omissions of material  fact were uniformly made to all Class Members. In addition, it can be  reasonably presumed that all Class Members, including Plaintiff, affirmatively acted in response to the representations contained in Home Depot's product labeling and representations when purchasing products represented to be mahogany from Home Depot.

80.   Plaintiff is informed and believes that Home Depot keeps extensive computerized records of its customers through, *inter alia*, customer loyalty programs, co-branded credit cards and general marketing programs. Home Depot  has one or more databases through which a significant majority of Class Members  may be identified and ascertained, and it maintains contact information, including email and home mailing addresses, through which notice of this action could  be disseminated in accordance with due process  requirements.

81.   A class action is an appropriate and superior method for the fair and efficient adjudication of the controversy given the following factors:

   a.   Common questions of law and/or fact predominate over any individual questions that may arise, and, accordingly, there would accrue enormous economies to both the Court and the Class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

   b.   Class members' individual damage claims are too small to make individual litigation an economically viable alternative;

   c.   Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

1

2

d.    No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage are common to the Class.

3

4

82.    To the best of Plaintiff's knowledge, no other action is pending on the subject matter of this case in any Court.

5

83.    As such, Plaintiff seeks class certification under F.R.C.P. 23.

6

## CAUSES OF ACTION

7

### FIRST CAUSE OF ACTION
**Declaratory Relief Under 28 U.S.C. § 2201**

8

9

84.    Plaintiff and the Class adopts by reference each and every paragraph of this Complaint as if fully copied and set forth at length herein.

10

11

85.    All purchases of mahogany by Plaintiff and the Class constitutes an offer by Home Depot to enter into a sales contract for genuine mahogany.

12

13

86.    By purchasing items described by Home Depot as mahogany, Plaintiff and the Class accepted Home Depot's offer.

14

15

87.    Plaintiff and the Class tendered payment to Home Depot for what Home Depot represented was genuine mahogany.  These payments constitute consideration.

16

88.    Accordingly, all transactions that are the subject of this Complaint are possessed of the three elements of a contract, i.e., offer, acceptance, and consideration.

17

18

19

89.    An actual and justiciable controversy exists between Plaintiff and Home Depot concerning whether Home Depot's actions providing false mahogany while representing that it was genuine mahogany violates California law.

20

21

90.    This claim for declaratory judgment is brought pursuant to 28 U.S.C. § 2201 *et seq.*, seeking a determination by the Court that: (a) this action may proceed and be maintained as a class action; (b)

that Home Depot's practices of providing false mahogany instead of genuine mahogany violate Cal.

Civ. Code §1770(a)(5) and Cal. Bus. and Prof. Code §§ 17200 and 17500; (c) Class members are

entitled to restitution and interest thereon; (d) an award of reasonable attorneys' fees and costs of

suit to Plaintiff and the Class is appropriate; and (e) such other and further relief as is necessary and

just may be appropriate as well.

### SECOND CAUSE OF ACTION
### Breach of Duty of Good Faith and Fair Dealing

91.   Plaintiff and the Class adopt by reference each and every paragraph of this Complaint as if fully
      copied and set forth at length herein.

92.   Plaintiff and the Class entered into consumer transactions with Home Depot for the purchase of
      genuine mahogany.

93.   Every consumer transaction imposes upon each party a duty of good faith and fair dealing in its
      performance and enforcement.

94.   The Plaintiff and the Class have performed all of the conditions required of them under the
      transaction.

95.   Home Depot knew or should have known that the products sold by Home Depot as genuine
      mahogany were other lesser quality false mahoganies.

96.   Home Depot's conduct, as alleged above, constitutes a breach of its duty of good faith and fair
      dealing, in that, among other things, it sold false mahogany to Plaintiff and the Class instead of
      genuine mahogany.

97.   As a result of Home Depot's conduct, Plaintiff and the Class have been damaged, including as
      set forth above.

### THIRD CAUSE OF ACTION
### Violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.,* Injunctive Relief

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

98.  Plaintiff adopts by reference each and every paragraph of this Complaint as if fully copied and set forth at length herein.

99.  At all times relevant hereto, there was in full force and effect the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750.

100. Plaintiff and each member of the proposed Class are "consumers" within the meaning of California Civil Code §1761(d).

101. Home Depot's sale of consumer goods to Plaintiffs and members of the Class were "transactions" within the meaning of California Civil Code §1761(e). The products purchased by Plaintiff and members of the proposed Class are "goods" within the meaning of California Civil Code §176l(a).

102. As described herein, Home Depot violated the CLRA by falsely representing the mahogany products sold to consumers were mahogany, when in fact, they were not. Defendants represented the products to have qualities they do not have in violation of Cal. Civ. Code §1770(a)(5).

103. Plaintiff and the Class purchased genuine mahogany from Home Depot but were provide wood which was not genuine mahogany.

104. Plaintiff and other members of the Class relied upon Defendants' false representations in deciding to purchase products labeled as mahogany from Home Depot. Plaintiff would not have purchased such items at the price paid absent Home Depot's unlawful conduct. As a result of these acts and practices, Plaintiff and other members of the Class have suffered damage in that Plaintiff and other members of the Class have spent money with Home Depot that Plaintiff and other members of the Class would not have otherwise spent absent Home Depot's unlawful and misleading acts and practices.

105. Plaintiff and the Class demand judgment against Home Depot for equitable relief in the form of restitution and/or disgorgement of funds paid to Home Depot as well as requiring Home Depot to accurately describe products represented to be mahogany.

106. In accordance with § 1782(a) of the CLRA, on August 29, 2017, Plaintiff's counsel served Home Depot, by certified mail, return receipt requested, with notice of its alleged violations of the CLRA.

107. If Home Depot does not fully meet the demand set forth in that letter, then Plaintiff will amend or seek leave to amend this complaint in order to seek the following relief under CLRA § 1780, for Home Depot's violations of CLRA § 1770(a)(5):

- actual damages under Cal. Civ. Code § 1780(a)(l);

- punitive damages under Cal. Civ. Code § 1780(a)(4);

- attorneys' fees and costs under Cal. Civ. Code § 1780(d); and

- any other relief the Court deems proper under Cal. Civ. Code § 1780(a)(5).

## FOURTH CAUSE OF ACTION
**Violation of the "Unfair" Prong of the UCL, Cal. Bus.** & **Prof. Code §17200,** *et seq*

108. Plaintiff adopts by reference each and every paragraph of this Complaint as if fully copied and set forth at length herein.

109. California's Unfair Competition Law (UCL) defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200. A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

110. Plaintiff and the Class are considered "Persons" as that term is defined within Cal. Bus. & Prof. Code § 17201.

111. Home Depot is a "Person" as that term is defined within Cal. Bus. & Prof. Code § 17201.

112. Plaintiff brings this cause of action on behalf of himself, on behalf of the other class members, and in his capacity as private attorneys general against Home Depot for its unfair, unlawful, and fraudulent business acts and/or practices pursuant to California's Unfair Competition Law (UCL), Business & Professions Code § 17200 et seq., which prohibits unfair, unlawful, and/or fraudulent business acts and/or practices.

113. Plaintiff asserts these claims as a representative of an aggrieved group and as a private attorney general on behalf of the general public and other persons who have purchased what was supposed to be genuine mahogany from Home Depot but were sent fake mahogany instead.

114. Home Depot has violated the "unfair" prong of the UCL by representing products sold by Home Depot to be authentic mahogany, when in fact the products sold to consumers are not mahogany at all.

115. These acts and practices were unfair because they caused Plaintiff, other members of the Class, and were likely to cause consumers to falsely believe that the products represented to be mahogany manufactured and sold by Home Depot were, in fact, genuine mahogany. As a result, purchasers, including Plaintiff and other members of the Class, reasonably perceived that they were buying products which were authentic mahogany. Thus, Plaintiff and other members of the Class paid more for Home Depot's products than they would have otherwise had the true species of the wood been identified. Furthermore, Plaintiff and other members of the Class were more likely to purchase a product represented to be mahogany from Home Depot, perceiving that such purchases were bargains as compared to other woodworking or home improvement stores. This

perception has induced reasonable purchasers, including Plaintiff and other members of the Class, to buy such products, which they otherwise would not have purchased.

116. The gravity of the harm to members of the Class resulting from these unfair acts and practices outweighed any conceivable reasons, justifications, and/or motives of Home Depot for engaging in such deceptive acts and practices. By committing the acts and practices alleged above, Home Depot engaged in unfair business practices within the meaning of California Business & Professions Code §§ 17200, *et seq.*

117. Plaintiff and the Class have conferred benefits on Home Depot by overpaying for "mahogany" which was not genuine mahogany.

118. Home Depot wrongfully and knowingly and willingly accepted these monetary benefits from Plaintiff and the Class.

119. Under the circumstances alleged herein, it is inequitable for Home Depot to retain such benefits at the expense of Plaintiff and the Class.

120. As a direct and proximate result of Home Depot's misconduct as set forth herein, Home Depot has been unjustly enriched.

121. Home Depot has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and the Class by wrongfully collecting and retaining money to which Home Depot, in equity, is not entitled.

122. Plaintiff and the Class are entitled to recover from Home Depot all amounts wrongfully collected and improperly retained by Home Depot, plus interest thereon.

123. As a direct and proximate result of Home Depot's unjust enrichment, Plaintiff and the Class have suffered injuries and are entitled to reimbursement, restitution, and disgorgement from Home Depot of the benefits conferred by Plaintiff and the Class.

124.  As a direct and proximate result of Home Depot's violation of the UCL, Home Depot has been unjustly enriched and should be required to make restitution to Plaintiff and the Class or disgorge its ill-gotten profits pursuant to the UCL § 17203.

125.  Home Depot's conduct described herein repeatedly occurred in Home Depot's trade or business.

126.  Home Depot's unfair conduct is continuing and there is no indication that Home Depot will cease.

127.  Plaintiff, on behalf of herself and for all others similarly situated, demands judgments against Home Depot for injunctive relief in the form of restitution, and/or disgorgement of funds paid to Home Depot as alleged herein, and an injunction requiring Home Depot to conform its practices to California and federal law.

### FIFTH CAUSE OF ACTION
**Violation of the "Unlawful" Prong of the UCL, Cal. Bus.** & **Prof. Code §17200,** *et seq*

128.  Plaintiff adopts by reference each and every paragraph of this Complaint as if fully copied and set forth at length herein.

129.  California's Unfair Competition Law (UCL) defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200. A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

130.  Plaintiff and the Class are considered "Persons" as that term is defined within Cal. Bus. & Prof. Code § 17201.

131.  Home Depot is a "Person" as that term is defined within Cal. Bus. & Prof. Code § 17201.

132.  Plaintiff brings this cause of action on behalf of himself, on behalf of the other class members, and in his capacity as private attorneys general against Home Depot for its unfair, unlawful, and fraudulent business acts and/or practices pursuant to California's Unfair Competition Law (UCL),

Cal. Bus. & Prof. Code § 17200 et seq., which prohibits unfair, unlawful, and/or fraudulent business acts and/or practices.

133.   Plaintiff asserts these claims as a representative of an aggrieved group and as a private attorney general on behalf of the general public and other persons who have purchased what was supposed to be genuine mahogany from Home Depot but were sent fake mahogany instead.

134.   A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

135.   Home Depot's violation of the CLRA as discussed above is unlawful and therefore, Home Depot's conduct violates the unlawful prong of the UCL.

136.   These acts and practices were unlawful because they caused Plaintiff, other members of the Class, and were likely to cause consumers to falsely believe that the products represented to be mahogany manufactured and sold by Home Depot were, in fact, genuine mahogany.  As a result, purchasers, including Plaintiff and other members of the Class, reasonably perceived that they were buying products which were authentic mahogany. Thus, Plaintiff and other members of the Class paid more for Home Depot's products than they would have otherwise had the true species of the wood been identified.  Furthermore, Plaintiff and other members of the Class were more likely to purchase a product represented to be mahogany from Home Depot, perceiving that such purchases were bargains as compared to other woodworking or home improvement stores.  This perception has induced reasonable purchasers, including Plaintiff and other members of the Class, to buy such products, which they otherwise would not have purchased.

137.   The gravity of the harm to members of the Class resulting from these unlawful acts and practices outweighed any conceivable reasons, justifications, and/or motives of Home Depot for engaging in such deceptive acts and practices. By committing the acts and practices alleged above, Home

Depot engaged in unlawful business practices within the meaning of California Business & Professions Code §§ 17200, *et seq.*

138. Plaintiff and the Class have conferred benefits on Home Depot by overpaying for "mahogany" which was not genuine mahogany.

139. Home Depot wrongfully and knowingly and willingly accepted these monetary benefits from Plaintiff and the Class.

140. Under the circumstances alleged herein, it is inequitable for Home Depot to retain such benefits at the expense of Plaintiff and the Class.

141. As a direct and proximate result of Home Depot's misconduct as set forth herein, Home Depot has been unjustly enriched.

142. Home Depot has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and the Class by wrongfully collecting and retaining money to which Home Depot, in equity, is not entitled.

143. Plaintiff and the Class are entitled to recover from Home Depot all amounts wrongfully collected and improperly retained by Home Depot, plus interest thereon.

144. As a direct and proximate result of Home Depot's unjust enrichment, Plaintiff and the Class have suffered injuries and are entitled to reimbursement, restitution, and disgorgement from Home Depot of the benefits conferred by Plaintiff and the Class.

145. As a direct and proximate result of Home Depot's violation of the UCL, Home Depot has been unjustly enriched and should be required to make restitution to Plaintiff and the Class or disgorge its ill-gotten profits pursuant to the UCL § 17203.

146. Home Depot's conduct described herein repeatedly occurred in Home Depot's trade or business.

147. Home Depot's unlawful conduct is continuing and there is no indication that Home Depot will cease.

148. Plaintiff, on behalf of herself and for all others similarly situated, demands judgments against Home Depot for injunctive relief in the form of restitution, and/or disgorgement of funds paid to Home Depot as alleged herein, and an injunction requiring Home Depot to conform its practices to California and federal law.

## SIXTH CAUSE OF ACTION
### Violation of the "Fraudulent" Prong of the UCL, Cal. Bus. & Prof. Code §17200, *et seq.)*

149. Plaintiff adopts by reference each and every paragraph of this Complaint as if fully copied and set forth at length herein.

150. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

151. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

152. Home Depot's labeling and selling of products represented to be mahogany was "fraudulent" within the meaning of the UCL because they deceived Plaintiff and other members of the Class, and were likely to deceive members of the Class, into believing that the products represented to be mahogany manufactured and sold by Home Depot were of greater value than if the true species of the mahogany had been disclosed.  Plaintiff and other members of the Class were also likely to be deceived that products represented to be mahogany manufactured and sold by Defendants were a better value than that offered by other manufacturers and retailers.  As a result, purchasers, including Plaintiff, reasonably perceived that they were receiving products which regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than what

they paid. This perception induced reasonable purchasers, including Plaintiff, to buy products represented to be mahogany from Home Depot, which they otherwise would not have purchased.

153. Home Depot's acts and practices as described herein have deceived Plaintiff and other members of the Class and were highly likely to deceive members of the consuming public. Specifically, in deciding to purchase consumer goods from Home Depot, Plaintiffs relied upon Home Depot's misleading and deceptive representations regarding the authenticity of Home Depot's mahogany products. Each of these factors played a substantial role in Plaintiff's decision to purchase those products, and Plaintiff would not have purchased those items in the absence of Home Depot's misrepresentations. Accordingly, Plaintiff and other members of the Class have suffered monetary loss as a direct result of Home Depot's practices described above.

154. The gravity of the harm to members of the Class resulting from these unlawful acts and practices outweighed any conceivable reasons, justifications, and/or motives of Home Depot for engaging in such deceptive acts and practices. By committing the acts and practices alleged above, Home Depot engaged in unlawful business practices within the meaning of California Business & Professions Code §§ 17200, *et seq.*

155. Plaintiff and the Class have conferred benefits on Home Depot by overpaying for "mahogany" which was not genuine mahogany.

156. Home Depot wrongfully and knowingly and willingly accepted these monetary benefits from Plaintiff and the Class.

157. Under the circumstances alleged herein, it is inequitable for Home Depot to retain such benefits at the expense of Plaintiff and the Class.

158. As a direct and proximate result of Home Depot's misconduct as set forth herein, Home Depot has been unjustly enriched.

159. Home Depot has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and the Class by wrongfully collecting and retaining money to which Home Depot, in equity, is not entitled.

160. Plaintiff and the Class are entitled to recover from Home Depot all amounts wrongfully collected and improperly retained by Home Depot, plus interest thereon.

161. As a direct and proximate result of Home Depot's unjust enrichment, Plaintiff and the Class have suffered injuries and are entitled to reimbursement, restitution, and disgorgement from Home Depot of the benefits conferred by Plaintiff and the Class.

162. As a direct and proximate result of Home Depot's violation of the UCL, Home Depot has been unjustly enriched and should be required to make restitution to Plaintiff and the Class or disgorge its ill-gotten profits pursuant to the UCL § 17203.

163. Home Depot's conduct described herein repeatedly occurred in Home Depot's trade or business.

164. Home Depot's fraudulent conduct is continuing and there is no indication that Home Depot will cease.

165. Plaintiff, on behalf of herself and for all others similarly situated, demands judgments against Home Depot for injunctive relief in the form of restitution, and/or disgorgement of funds paid to Home Depot as alleged herein, and an injunction requiring Home Depot to conform its practices to California and federal law.

### SEVENTH CAUSE OF ACTION
**Violation of the California False Advertising Law, Cal. Bus.** & **Prof. Code Sections 17500,** *et seq.)*

166. Plaintiff adopts by reference each and every paragraph of this Complaint as if fully copied and set forth at length herein.

167.  The California False Advertising Law, California Business & Professions Code §17500, *et seq.*, prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as quality or quantity.  In relevant part, §17500 states:

> It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal … to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state … or in any other manner or means whatever … any statement, concerning that real or personal property … which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]

168.  Home Depot's practice of labeling products as mahogany, when fact they are not mahogany, was a statement, which was both untrue and misleading.  Home Depot was either fully aware or would have been aware through the exercise of reasonable care the untrue and misleading statement concerning the representations of products labeled as mahogany.

169.  Home Depot disseminated these untrue and misleading statements within California to California residents through its stores located in California.

170.  Home Depot further disseminated these untrue and misleading statements to California residents via Home Depot's website, www.homedepot.com.

171.  Home Depot conducted business within the state of California through its stores located in California and online to residents of California.

172.  Home Depot, with full knowledge of the untrue and misleading nature of representing products to be mahogany when they were not, sold these items to unwitting consumers.

173.  Through its unfair acts and practices, Home Depot has improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that this Court cause Home Depot to restore this money to Plaintiff and all Class Members, and to enjoin Home Depot from continuing to violate the UCL, and/or from violating the UCL in the future. Otherwise, Plaintiff, the Class and, members of the

general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## EIGHTH CAUSE OF ACTION
### Negligent Misrepresentation

174. Plaintiff adopts by reference each and every paragraph of this Complaint as if fully copied and set forth at length herein.

175. Home Depot had a duty to provide honest and accurate information to its customers so that customers could make informed decisions on the substantial purchase of products represented to be mahogany.

176. Home Depot specifically and expressly misrepresented material facts to Plaintiff and Class members, as discussed above. Home Depot was aware that the products represented to be mahogany were not, in fact, mahogany.

177. Home Depot knew, or in the exercise of reasonable diligence, should have known, that the ordinary and reasonable consumer would be misled by Home Depot's misleading and deceptive representations.

178. Home Depot was aware that the labels on the products representing them to be mahogany were not accurate.

179. Plaintiff and the Class members justifiably relied on Defendant's misrepresentations and have been damaged thereby in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
### Unjust Enrichment

180. Plaintiff adopts by reference each and every paragraph of this Complaint as if fully copied and set forth at length herein.

181. Plaintiff and members of the Class conferred a benefit on Defendants by purchasing Defendant's products from Home Depot.

182. Home Depot had knowledge that this benefit was conferred upon it.

183. Because of its wrongful acts and omissions, Home Depot charged a higher price for products represented to be mahogany than the product's true value and Defendants obtained money which rightfully belongs to Plaintiff and the members of the Class.

184. Home Depot has been unjustly enriched at the expense of Plaintiff and the Class and its retention of this benefit under the circumstances would be inequitable.

185. Plaintiff seeks an order requiring Home Depot to make restitution to them and the other members of the Class.

**TENTH CAUSE OF ACTION**
**Breach of Express Warranty**

186. Plaintiff adopts by reference each and every paragraph of this Complaint as if fully copied and set forth at length herein.

187. At all relevant times, Home Depot expressly warranted that the products represented to be mahogany were in fact mahogany as indicated on the product label.

188. Defendant systematically misrepresented the products represented to be mahogany sold by Home Depot. Defendant acted with full knowledge that the products represented to be mahogany were not in fact mahogany.  By so acting, Home Depot approved of and adopted the misrepresentations in the products represented to be mahogany.

189. Home Depot knew and expected or should have known and expected, and intended Plaintiff and member of the Class to rely on their warranties

190. The representations contained or constituted affirmations of fact or promises made by Home Depot. Plaintiff and members of the Class related to the goods, the affirmations of fact or promises

became part of the basis of the bargain, creating an express warranty that the goods shall conform to the affirmations of fact or promises.

191. In purchasing Home Depot's products, Plaintiff and members of the Class reasonably relied on the skill, judgment, representations, and foregoing express warranties of Defendants.

192. These warranties and representations were false in that Home Depot's products were not actually mahogany as indicated on the label.

193. Because Home Depot's products did not conform to Defendants' express representation, Defendants breached the warranties.

194. As a foreseeable, direct, and proximate result of the breach of express warranties by Defendants, Plaintiff and other members of the Class suffered injuries and damages as alleged herein.

### PRAYER

**WHEREFORE**, Plaintiff, individually and on behalf of the Class prays for judgment against Home Depot, as follows, as appropriate to each cause of action alleged and as appropriate to the particular standing of Plaintiff and Class of similarly situated individuals:

    a. Finding that this action satisfies the prerequisites for maintenance as a class action under Fed. R. Civ. 23(b)(2) and 23(b)(3), and applicable case law and certifying the Class and subclass defined herein;

    b. Designating Plaintiff as representative of the Class and their counsel as Class counsel;

    c. Pursuant to Plaintiff's causes of action, entering judgment awarding Plaintiff and all members of the Class restitution and/or other equitable relief, including, but not limited to, restitutionary disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiffs and the Class as a result of its unfair, unlawful, and fraudulent business practices described herein;

d.   An order enjoining Defendants from continuing to violate the UCL, CLRA, and CFAL, as described herein.

e.   A judgment awarding Plaintiff and other members of the Class their costs of suit; including reasonable attorney's fees pursuant to Code of Civil Procedure§ 1021.5 and as otherwise permitted by statute; and pre and post-judgment interest;

f.   Such other and further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff and the Class hereby demand a jury trial on all claims so triable in this action.


Dated:  August 30, 2017                    Respectfully Submitted,


EXCOLO LAW, PLLC

/s/ Keith Altman

Keith Altman (SBN 257309)
Solomon Radner (*phv* to be applied for)
Ari Kresch (*phv* to be applied for)
Excolo Law PLLC
26700 Lahser Road
Suite 401
Southfield, MI 48033
(516)456-5885
kaltman@Excololaw.com


Attorneys for Plaintiff and the Class

1

2

### DECLARATION OF KEITH ALTMAN
### PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)

I, Keith Altman, declare as follows:

3

4

5

1. I submit this declaration pursuant to section 1780 (d) of the California Consumers Legal Remedies Act. I have personal knowledge of the matters set forth below and if called as a witness could and would be competent to testify thereto.

6

7

8

9

10

11

2. Defendant Home Depot U.S.A., Inc. ("Home Depot") is a Delaware Corporation with its principal place of business at 2455 Paces Ferry Road Atlanta, GA, 30339.  This action is being commenced in the Eastern District of California. The transaction leading to the instant complaint occurred within the Eastern District of California, Bakersfield Division (Kern County) and Defendant does business within Kern County.

12

13

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on August 30, 2017, in Southfield, MI.

14

15

16

/s/ Keith Altman

Keith Altman

17

18

19

20

21

## VERIFICATION

I, the undersigned, certify and declare that I have read the foregoing complaint, and know its contents.

I am the attorney for Plaintiff to this action. Such parties are absent from the county where I have my office and is unable to verify the document described above. For that reason, I am making this verification for and on behalf of the Plaintiff. I am informed and believe on that ground and allege the matters stated in the said document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 30, 2017, at Southfield, MI

Respectfully Submitted,

**Excolo Law, PLLC**

By: /s Keith Altman
Keith L. Altman, SBN 257309
Attorney for Plaintiff
Excolo Law, PLLC
26700 Lahser Road
Suite 401
Southfield, MI 48033
516-456-5885
kaltman@excololaw.com

*Attorneys for Plaintiff and the Class*